UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIE SOLIS, individually, and on behalf of all other similarly situated. <br><br> Plaintiff, <br><br> v. <br><br> WFC LIMITED PARTNERSHIP d/b/a WORLD FINANCE CORPORATION, <br><br> Defendant. | Case No. 5:20-cv-00404-OLG |

**FIRST AMENDED CLASS ACTION COMPLAINT**

NOW COMES Plaintiff, JULIE SOLIS, individually and on behalf of all other similarly situated, through undersigned counsel, complaining of Defendant, WFC LIMITED PARTNERSHIP d/b/a WORLD FINANCE CORPORATION, as follows:

**NATURE OF THE ACTION**

1. This action is seeking redress for Defendant's violation(s) the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*; and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. JULIE SOLIS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Boerne, Texas.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8. WFC LIMITED PARTNERSHIP d/b/a WORLD FINANCE CORPORATION ("Defendant") is a limited partnership organized and existing under the laws of the state of Texas.

9. Defendant has its principal place of business at 108 Frederick Street, Greenville, South Carolina 29607.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8357.

13. At all times relevant, Plaintiff's number ending in 8357 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

15. Six months ago, Plaintiff applied for and obtained an advance loan from Defendant.

16. This loan is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

17. As result of unforeseen financial hardship, Plaintiff did not pay.

18. Soon, Plaintiff started to receive collection phone calls from Defendant.

19. On multiple occasions, Plaintiff answered these calls.

20. Each time, Plaintiff was met by clear pause, and was forced to say "Hello, Hello, Hello" prior to being connected to an agent.

21. Each time, Defendant wanted payment.

22. Often times, Plaintiff simply hung up.

23. Ultimately however, having had enough, Plaintiff told Defendant "[s]top calling me!"

24. Sadly, these phone calls continued.

25. Whatismore, Plaintiff started to receive SMS messages from Defendant.

26. Defendant's SMS messages provided:

*"For your convenience you can make an online payment or you can contact us at (830) 896-8050."*

27. All in all, Plaintiff received no less than 45 unwanted, unauthorized, unconsented-to phone calls/texts from numbers leading back to Defendant – including, (830) 896-8050.

28. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

29. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

30. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendant's unlawful collection practices.

## CLASS ALLEGATIONS

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated (the "Putative Class") defined as follows:

> *All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) within the four years preceding the date of this complaint through the date of class certification; (5) after he/she requested that Defendant cease calls to his/her telephone number.*

33. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

34. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

35. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

36. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

37. The members of the Putative Class are identifiable in that their names, addresses and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

38. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

39. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

40. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability**

41. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

42. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

43. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

44. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

45. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

46. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

47. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of the Putative Class)

48. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49. Defendant placed or caused to be placed no less than 45 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

50. Although the TCPA does not define a "call," the Federal Communcations Commission (FCC), the agency implementing the TCPA, has interpreted the TCPA to "encompass[] both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls," which are generally referred to as text messages. *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14115 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (holding that the FCC's interpretation that a text message is a "call" under the TCPA is reasonable).

51. The TCPA defines an automatic telephone dialing system as equipment which has the *capacity* – (A) to store or produce numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.  47 U.S.C. § 227(a)(1).

52. Upon information and belief, based on the "clear pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

53. Upon information and belief, the ATDS employed by Defendant transfers the call to an agent once a human voice is detected, hence the clear pause.

54. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

55. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

56. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E.   an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation;

F.   an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

G.   an award of such other relief as this Court deems just and proper.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)
### (on behalf of Plaintiff individually)

57.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

58.   Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

(4)   causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

59.   Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff in spite of Plaintiff's request(s) that they stop.

60.   Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a)   A person may sue for:

(1)   injunctive relief to prevent or restrain a violation of this chapter; and

(2)   actual damages sustained as a result of a violation of this chapter.

(b)   A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 22, 2020

Respectfully submitted,

**JULIE SOLIS**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com